| | | SUM-100 |
|---|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMI CELEBRITY PUBLICATIONS, LLC, a California Corporation;
DOES 1 through 100 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTIN DRYAN

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAY 27 2014

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: LOS ANGELES SUPERIOR COURT
*(El nombre y dirección de la corte es):*
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*
BC546805

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karl Gerber [SBN 166003]; Ann Guleser [SBN 210790] EMPLOYMENT LAWYERS GROUP
13418 Ventura Boulevard, Sherman Oaks, CA 91423; (818) 783-7300

DATE: *(Fecha)* SHERRI R. CARTER Clerk, by *(Secretario)* Amber Hayes , Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

MAY 27 2014

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT 1

COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAY 27 2014

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes, Deputy

1  EMPLOYMENT LAWYERS GROUP
   KARL GERBER, SBN: 166003
2  ANN GULESER, SBN: 210790
3  13418 Ventura Boulevard
   Sherman Oaks, California 91423
4  Telephone:  818 783 7300
   Facsimile:   818 995 7159
5
6  Attorneys for Plaintiff
   MARTIN DRYAN
7
8           SUPERIOR COURT FOR THE STATE OF CALIFORNIA
9
              COUNTY OF LOS ANGELES, CENTRAL DISTRICT
10                                                    BC546805
11 MARTIN DRYAN, an individual        ) CASE NO.:
12                                    )
           Plaintiff,                 ) COMPLAINT FOR DAMAGES AND
13                                    ) DEMAND FOR JURY TRIAL ON CAUSE
   vs.                                ) OF ACTION 1 BASED UPON:
14                                    )
15 AMI CELEBRITY PUBLICATIONS, LLC, a ) 1. CALIFORNIA LABOR CODE
   California Corporation; and DOES 1 through ) SECTION 226 PENALTIES;
16 100 inclusive                      ) 2. CALIFORNIA BUSINESS AND
                                      )    PROFESSIONS CODE SECTION
17         Defendant.                 )    17200 VIOLATIONS.
18                                    )

19     Plaintiff, MARTIN DRYAN complains and alleges as follows:
20
21                         GENERAL ALLEGATIONS
22                        (AGAINST ALL DEFENDANTS)
23
24 1.    Plaintiff, MARTIN DRYAN ("Plaintiff"), is a male resident of the County of Riveerside,
25 State of California.
26 2.    Plaintiff is informed and believes that at all times herein mentioned, Defendant, AMI
27 CELEBRITY PUBLICATIONS, LLC, ("AMI") a foreign corporation, using 6420 Wilshire
28

                                        1
                                    COMPLAINT

EXHIBIT 1
NOTICE OF REMOVAL PAGE 008

Blvd. Floor 15, Los Angeles, CA 90048, as its place of business, and employs more than five (5) persons and Plaintiff there.

3. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those Defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE Defendant reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendant, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendant

4. Plaintiff started working for AMI as an employee in January 2010. Plaintiff was an employee of AMI. AMI controlled the hours, schedule and assignments of Plaintiff. Plaintiff had to report to work every day that he was not assigned to an assignment outside of the office. Plaintiff's job assignments, and duties were controlled by AMI. However, Defendant willfully misclassified Plaintiff as an independent contractor so that Defendant could avoid paying taxes on his behalf. Plaintiff was misclassified as an independent contractor but the requirements of his job as to report to the office and work in the office unless he was sent by Defendant to assignments.

5. Unless otherwise allege in this complaint, the Plaintiff is informed, and on the basis of that information and belief allege that at all times herein mentioned, each of the remaining codefendant, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of their agency, employment, or representative capacity, with the consent of her/his codefendant.

6. All of the foregoing and following actions taken towards the Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of each other acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff.

# FIRST CAUSE OF ACTION
# FOR CALIFORNIA LABOR CODE SECTION 226 PENALTIES
# (AGAINST DEFENDANT AMI AND ALL DOE DEFENDANTS)

7. Plaintiff realleges the information set forth in Paragraphs 1-6 of the General Allegations, and incorporates those paragraphs as though fully stated in this cause of action.

8. California Labor Code Section 226(a) states every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, the name and address of the legal entity that is the employer and the inclusive dates of the period for which the employee is paid and only the last four digits of employee's social security number or an employee identification number.

9. AMI violated California Labor Code Section 226(a) because Plaintiff's paycheck stubs did not show the number of piece-rate units earned and any applicable piece rate, the name and address of the legal entity that is the employer and the inclusive dates of the period for which the employee was paid, and the last four digits of Plaintiff's social security number or an employee identification number. Plaintiff was not given valid statements indicating why he was being paid what he was being paid and no proper taxes were withheld from Plaintiff's paychecks. Plaintiff's paycheck stubs did not reflect any itemizations of tax withholdings or deductions at all.

10. Plaintiff prays for the remedies provided by California Labor Code Section 226(e) whereby the employer is to pay $50.00 for the initial violation and $100.00 for each subsequent violation.

11. Under California Labor Code Section 226(e), Plaintiff also prays for attorney fees and costs.

12. Plaintiff also prays for attorney fees under California Labor Code Section 218.5.

3

COMPLAINT
EXHIBIT 1
NOTICE OF REMOVAL PAGE 010

## SECOND CAUSE OF ACTION

## CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 VIOLATIONS

### (AGAINST DEFENDANT AMI AND ALL DOE DEFENDANTS)

13. Plaintiff realleges the information set forth in Paragraphs 1-6 of the General Allegations, Paragraphs 7-12 of the First Cause of Action and incorporates those paragraphs as though fully stated in this cause of action.

14. In the State of California, over the 4 years proceeding the filing of this lawsuit, the Defendant to this cause of action engaged in unfair competition and unlawful business practices by engaging in the Labor Code violations that form the First Cause of Action. Basically, Defendant failed to correctly classify Plaintiff as an employee, failed to pay the correct amount of taxes as withholdings, and failed to provide proper itemizations on checks in violation of California Labor Code Section 226. AMI violated California Labor Code Section 226(a) because Plaintiff's paycheck stubs did not show the number of piece-rate units earned and any applicable piece rate, the name and address of the legal entity that is the employer and the inclusive dates of the period for which the employee was paid, and the last four digits of Plaintiff's social security number or an employee identification number.

15. All of the other statutes, enumerated in the First Cause of Action were violated by Defendant thereby creating a system of deception towards their employees and the government as well as an unfair competitive environment because Defendant's competitors ran their businesses without violating these laws. Defendant's failure to abide by these Labor laws specified in the first cause of action saved money in labor costs and considerable money in worker's compensation premiums. This enabled them to compete unfairly due to these lower costs and earn considerably more profit than their competitors who abided by the law in violation of California Business and Professions Code Section 17200.

16. Plaintiff prays that California Business and Professions Code Section 17202 be utilized to enforce the labor laws specified in the first cause of action and require Defendant to pay restitutionary remedies for overtime and double time wages to Plaintiff.

17. Plaintiff further prays that California Business and Professions Code Section 17203 be utilized to enjoin Defendant from further engaging in the unlawful and unfair business practices specified in this cause of action and the first cause of action.

WHEREFORE, the Plaintiff prays for the following relief, to be determined by a jury for the First Cause of Action as follows:

1. For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;
2. For special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate the Plaintiff for loss of past and future earnings, and all damages flowing from the Plaintiff's loss of earnings, loss of job security, failure to properly advance within Plaintiff's career;
3. For all general and special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court;
4. For punitive damages, as allowed by law, in an amount to be ascertained, according to proof, that will sufficiently punish all named Defendants, make an example of them, and deter future conduct;
5. All statutory penalties, remedies allowed, interest under Labor Code Section 218.6, attorney fees and costs under California Labor Code Section 218.5;
6. For all costs and disbursements incurred in this suit;
7. For such other and further relief as the Court deems just and proper;
8. For all interest as allowed by law;

For the Second Cause of Action:

9. for the court to fashion all restitutionary remedies possible and any other relief the court deems suitable.

DATED: May 27, 2014                    EMPLOYMENT LAWYERS GROUP

                                       By: _____
                                       Karl Gerber
                                       Ann Guleser
                                       Attorneys for Plaintiff
                                       MARTIN DRYAN

6

COMPLAINT
EXHIBIT 1