**COPY**

FILED

1  EMPLOYMENT LAWYERS GROUP
2  KARL GERBER, SBN: 166003
   ANN GULESER, SBN: 210790
3  13418 Ventura Boulevard
4  Sherman Oaks, California 91423
   Telephone: 818 783 7300
5  Facsimile: 818 995 7159
6
7  Attorneys for Plaintiff
   MARTIN DRYAN
8

2014 JUL 30 PM 2: 35

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT
LOS ANGELES

BY _____

9
10          SUPERIOR COURT FOR THE STATE OF CALIFORNIA
11             COUNTY OF LOS ANGELES, CENTRAL DISTRICT
12
13  MARTIN DRYAN, an individual          )  CASE NO.: 5:14-cv-01428-R-SP
14                                       )
                 Plaintiff,              )  **FIRST AMENDED COMPLAINT**
15                                       )  **FOR DAMAGES AND DEMAND**
16       vs.                             )  **FOR JURY TRIAL ON CLAIMS**
                                         )  **FOR RELIEF 1 AND 3 BASED**
17  AMI CELEBRITY PUBLICATIONS,          )  **UPON:**
18  LLC, a California Corporation; and   )
    DOES 1 through 100 inclusive         )
19                                       )  1.  **CALIFORNIA LABOR CODE**
20               Defendant.              )      **SECTION 226 PENALTIES;**
                                         )  2.  **CALIFORNIA BUSINESS AND**
21                                       )      **PROFESSIONS CODE**
                                         )      **SECTION 17200 VIOLATIONS;**
22                                       )  3.  **PENALTIES PURSUANT TO**
23                                       )      **LABOR CODE SECTION 2699.**
24  ─────────────────────────────────   )
25      Plaintiff, MARTIN DRYAN, by his attorneys, against Defendant alleges:
26
27  \\
28  \\

                                         1
─────────────────────────────────────────────────────────
                        FIRST AMENDED COMPLAINT

## JURISDICTION AND VENUE

1. This complaint was removed to Federal court by Defendant pursuant to 28 U.S.C. §§ 1331 and 1441(b) (Diversity Jurisdiction) on July 11, 2014.

2. Defendant's Answer was filed on July 9, 2014.

3. Venue is proper in the Central District of California because a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred in this district.

## INTRODUCTION

4. This action is for damages arising out of Defendant's failure to provide Plaintiff proper and complete wage statements, and mischaracterizing him as an independent contractor.

## TYPE OF ACTION

5. In addition to his private claims, Plaintiff is bringing claims for penalties under the Labor Code Private Attorneys General Act of 2004 (California Labor Code Section 2699) for the same violations  on behalf of similarly situated employees of Defendant.

\\

\\

2

FIRST AMENDED COMPLAINT

PARTIES

6.     Plaintiff, MARTIN DRYAN ("Plaintiff"), is a male resident of the County of Riverside, State of California.

7.     Plaintiff is informed and believes that at all times herein mentioned, Defendant, AMI CELEBRITY PUBLICATIONS, LLC, ("AMI") a foreign corporation, using 6420 Wilshire Blvd. Floor 15, Los Angeles, CA 90048, as its place of business, and employs more than five (5) persons and Plaintiff there.

8.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those Defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names.  Plaintiff is informed and believes that each of the DOE Defendant reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

9.     Unless otherwise allege in this complaint, Plaintiff is informed, and on the basis of that information and belief allege that at all times herein mentioned, each of the remaining codefendant, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of their agency, employment, or representative capacity, with the consent of her/his codefendant.

3

10.  All of the foregoing and following actions taken towards laintiff that are alleged in this complaint were carried out by managerial employees and agents of each other acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff.

## FACTUAL ALLEGATIONS

11.  Plaintiff started working for AMI as an employee in January 2010.

12.  Plaintiff similarly situated current and former journalists working for Defendant were employees of AMI. AMI controlled the hours, schedule and assignments of them. Plaintiff and all similarly situated current and former journalists working for Defendant had to report to work every day that he was not assigned to an assignment outside of the office. Their job assignments and duties were controlled by AMI. However, Defendant willfully misclassified Plaintiff and similarly situated current and former journalists working for Defendant as independent contractors so that Defendant could avoid paying taxes on their behalf. Plaintiff and similarly situated current and former journalists working for Defendant  were misclassified as an independent contractors but the requirements of their job was to report to the office and work in the office unless they were sent by Defendant to assignments.

FIRST AMENDED COMPLAINT

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### FOR CALIFORNIA LABOR CODE SECTION 226 PENALTIES

### (AGAINST DEFENDANT AMI AND ALL DOE DEFENDANTS)

13.   Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1-12 as though fully stated in this Claim for Relief.

14.   California Labor Code Section 226(a) states every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, the name and address of the legal entity that is the employer and the inclusive dates of the period for which the employee is paid and only the last four digits of employee's social security number or an employee identification number.

15.   AMI violated California Labor Code Section 226(a) because Plaintiff's paycheck stubs did not show the number of piece-rate units earned and any applicable piece rate, the name and address of the legal entity that is the employer and the inclusive dates of the period for which the employee was paid, and the last four digits of Plaintiff's social security number or an employee identification number.  Plaintiff was not given valid statements indicating why he was being paid

5

what he was being paid and no proper taxes were withheld from Plaintiff's paychecks. Plaintiff's paycheck stubs did not reflect any itemizations of tax withholdings or deductions at all.

16.    Plaintiff prays for the remedies provided by California Labor Code Section 226(e) whereby the employer is to pay $50.00 for the initial violation and $100.00 for each subsequent violation.

17.    Under California Labor Code Section 226(e), Plaintiff also prays for attorney fees and costs.

18.    Plaintiff also prays for attorney fees under California Labor Code Section 218.5.


## SECOND CLAIM FOR RELIEF

## CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

## VIOLATIONS

## (AGAINST DEFENDANT AMI AND ALL DOE DEFENDANTS)


19.    Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1-12, Paragraphs 13-18 of the First Claim for Relief and incorporates those paragraphs as though fully stated in this Claim for Relief.

20.     In the State of California, over the 4 years preceding the filing of this lawsuit, the Defendant to this cause of action engaged in unfair competition and unlawful business practices by engaging in the Labor Code violations that form the First Cause of Action. Basically, Defendant failed to correctly classify Plaintiff as an employee, failed to pay the correct amount of taxes as withholdings, and failed to provide proper itemizations on checks in violation of California Labor Code Section 226. AMI violated California Labor Code Section 226(a) because Plaintiff's paycheck stubs did not show the number of piece-rate units earned and any applicable piece rate, the name and address of the legal entity that is the employer and the inclusive dates of the period for which the employee was paid, and the last four digits of Plaintiff's social security number or an employee identification number.

21.     All of the other statutes, enumerated in the First Claim for Relief were violated by Defendant thereby creating a system of deception towards their employees and the government as well as an unfair competitive environment because Defendant's competitors ran their businesses without violating these laws. Defendant's failure to abide by these Labor laws specified in the first cause of action saved money in labor costs and considerable money in worker's compensation premiums. This enabled them to compete unfairly due to these lower

FIRST AMENDED COMPLAINT

costs and earn considerably more profit than their competitors who abided by the law in violation of California Business and Professions Code Section 17200.

22.   Plaintiff prays that California Business and Professions Code Section 17202 be utilized to enforce the labor laws specified in the first cause of action and require Defendant to pay restitutionary remedies for overtime and double time wages to Plaintiff.

23.   Plaintiff further prays that California Business and Professions Code Section 17203 be utilized to enjoin Defendant from further engaging in the unlawful and unfair business practices specified in this cause of action and the first cause of action.

## THIRD CLAIM FOR RELIEF

## PENALTIES PURSUANT TO LABOR CODE SECTION 2699

## (AGAINST DEFENDANT AMI AND ALL DOE DEFENDANTS)

24.   Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1-12, Paragraphs 13-18 of the first Claim for Relief, Paragraphs 19-23 of the Second Claim for Relief and incorporates those paragraphs as though fully stated in this Claim for Relief.

25.     Pursuant to Labor Code Section 2699(a), which provides that any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees. Plaintiff, on behalf of himself and all similarly situated current and former journalists working for Defendant in California, seeks recovery of civil penalties under the following Labor Code Sections: 226.8, 226, and 226.3.

26.     California Labor Code Section 226.8(a)(1) states that it is unlawful for any person or employer to engage in willful misclassification of an individual as an independent contractor.

27.     Plaintiff and all similarly situated current and former journalists working for Defendant were willfully misclassified as independent contractors in violation of California Labor Code Section 226.8(a)(1).

28.     California Labor Code §226(a) states in pertinent part every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, the name and address of the legal entity that is the employer and the

FIRST AMENDED COMPLAINT

inclusive dates of the period for which the employee is paid and only the last four

digits of employee's social security number or an employee identification number.

29.    Plaintiff and all similarly situated current and former journalists were not

given valid pay check stubs/statements. AMI violated California Labor Code

Section 226(a) because Plaintiff and all similarly situated current and former

journalists' paycheck stubs did not show the number of piece-rate units earned and

any applicable piece rate, the name and address of the legal entity that is the

employer and the inclusive dates of the period for which the employee was paid,

and the last four digits of their social security number or an employee identification

number.  Plaintiff and all similarly situated current and former journalists were not

given valid statements indicating why they were being paid what they were being

paid and no proper taxes were withheld from their paychecks. Plaintiff and all

similarly situated current and former journalists' paycheck stubs did not reflect any

itemizations of tax withholdings or deductions at all.

30.    California Labor Code Section 226.3 states any employer who violates

subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of

two hundred fifty dollars ($250) per employee per violation in an initial citation

and one thousand dollars ($1,000) per employee for each violation in a subsequent

citation, for which the employer fails to provide the employee a wage deduction

statement or fails to keep the records required in subdivision (a) of Section 226.

The civil penalties provided for in this section are in addition to any other penalty provided by law.

31.    AMI violated Labor Code Section 226.3 because AMI violated California Labor Code Section 226(a). Plaintiff and all similarly situated current and former journalists 'paycheck stubs did not show the number of piece-rate units earned and any applicable piece rate, the name and address of the legal entity that is the employer and the inclusive dates of the period for which the they were paid, and the last four digits of their social security number or their employee identification number.

32.    Pursuant to Labor Code Section 2699(f)(2), which provides that for all provisions of the Labor Code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, Plaintiff seeks recovery of civil penalties under the following Labor Code Sections 226.8(a)(1), and 226.8(a)(1).as follows:

      a.  One hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and

      b.  Two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

33.    Pursuant to Labor Code Section 2699(f)(2), which provides that for all provisions of the Labor Code except those for which a civil penalty is specifically

provided, there is established a civil penalty for a violation of these provisions, Plaintiff seeks recovery of civil penalties under the following Labor Code Sections 226.8(a)(1), and 226(a) as follows:

    a. One hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and

    b. Two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

34.   Pursuant to Labor Code Section 2699(f)(2), which provides that for all provisions of the Labor Code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, Plaintiff seeks recovery of civil penalties under the following Labor Code Sections 226.8(a)(1), and 226(3) as follows:

    a. One hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and

    b. Two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

35.   Labor Code Section 2699.3(a) states in pertinent part:

A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce

Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

36.    Plaintiff alleges violations of Labor Code Section 226.8(a)(1), and 226(a). Plaintiff complied with the Labor Code Private Attorneys General Act of 2004 in that Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency and the named Defendant of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation on June 12, 2014.  Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's letter. On July 21, 2014, Labor and Workforce Development Agency indicated they would not be investigating Plaintiff's claims. Attached hereto as Exhibit 2 is a true and correct copy of Labor and Workforce Development Agency's letter. The Labor and Workforce Development Agency's failure to initiate an investigation against Defendant for the type of California Labor Code Section 226 violations enumerated in Exhibit 1 bars them from recovery of Private Attorneys General Act of 2004 penalties for these types of violations and exhausts Plaintiff's  administrative remedies including for California Labor Code Section 2699 violations of Labor Code Section 226.3 as mentioned in Plaintiff's July 24, 2014 letter to Defendant's counsel and The Labor and Workforce Development Agency a true and correct copy of which is attached herein as Exhibit 3.

FIRST AMENDED COMPLAINT

37.    Plaintiff alleges violations of Labor Code Section 226.3.  Plaintiff complied

with he Labor Code Private Attorneys General Act of 2004 in that Plaintiff gave

written notice by certified mail to the Labor and Workforce Development Agency

and the named Defendant's attorney of the specific provisions of the Labor Code

alleged to have been violated, including the facts and theories to support the

alleged violation on July 24, 2014.  Attached hereto as Exhibit 3 is a true and

correct copy of Plaintiff's letter.

38.    Plaintiff complied with the administrative exhaustion requirements of the

Labor Code Private Attorneys General Act of 2004 and has authorization

therefrom to commence a civil action which includes a representative cause of

action pursuant to Labor Code Section 2699.


## PRAYER FOR RELIEF


WHEREFORE, Plaintiff prays for the following relief, to be determined by a

jury for the First Claim for Relief as follows:

1. For general damages in an amount according to proof, but in excess of the

   minimum jurisdiction of this court;

2. For special damages in an amount according to proof, but in the excess of

   the minimum jurisdiction of this court, in order to compensate the Plaintiff

14

for loss of past and future earnings, and all damages flowing from the Plaintiff's loss of earnings, loss of job security, failure to properly advance within Plaintiff's career;

3. For all general and special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court;

4. For punitive damages, as allowed by law, in an amount to be ascertained, according to proof, that will sufficiently punish all named Defendants, make an example of them, and deter future conduct;

5. All statutory penalties, remedies allowed, interest under Labor Code Section 218.6, attorney fees and costs under California Labor Code Section 218.5;

6. For all costs and disbursements incurred in this suit;

7. For such other and further relief as the Court deems just and proper;

8. For all interest as allowed by law;


For the Second Claim for Relief:

9. For the court to fashion all restitutionary remedies possible and any other relief the court deems suitable.


For the Third Claim for Relief Plaintiff and all similarly situated current and former journalists pray:

10. For all penalties provided under Labor Code Section 2699(f)(2);

11. For reasonable attorney's fees and costs pursuant to Labor Code Section 2699(g)(1).


DATED: July 30, 2014          Respectfully Submitted,

                              EMPLOYMENT LAWYERS GROUP

                              By: _____
                                  Karl Gerber
                                  Ann Guleser
                                  Attorneys for Plaintiff
                                  MARTIN DRYAN

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

16

FIRST AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: July 30, 2014                    Respectfully Submitted,

                                        EMPLOYMENT LAWYERS GROUP

                                        By: _____
                                            Karl Gerber
                                            Ann Guleser
                                            Attorneys for Plaintiff
                                            MARTIN DRYAN

17

FIRST AMENDED COMPLAINT

PROOF OF SERVICE
U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA
CASE NUMBER 5:14-cv-01428-R-SP

I am employed in the City of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 13418 Ventura Boulevard, Sherman Oaks, CA 91423, on the below date I served the following documents:

## FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Andrew J. Jaramillo
Altus Law Firm
1 Park Plaza, 6th Floor
Irvine, California 92614
949-852-7383
andrew.jaramillo@altuslawfirm.com

*Attorney for Defendant,* AMI CELEBRITY PUBLICATIONS, LLC

Said documents were served in each of the following manners as indicated by an "(X)" before such mode of service:

(☒) BY U.S. MAIL  I caused each such envelope with postage thereon fully prepaid, to be placed in the United States mail at Sherman Oaks, CA on July 30, 2014.  I am familiar with the practice of my employer for collection and processing of the correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States mail the same day as it is place for collection.

(☐) BY OVERNIGHT DELIVERY I caused such envelope to be delivered to the Federal Express Office with delivery fees fully prepaid for overnight delivery to the office(s) of the addressee(s).

(☐ ) BY "FAX" to the above-named person(s).  Upon completion of said facsimile transmission, the transmitting machine issues a transmission report showing the transmission was complete and without error.

(☐ ) ELECTRONIC MAIL, Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail address(es) listed above on.

(☐) BY PERSONAL SERVICE, by delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth above.

(☐) STATE  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(☒) **FEDERAL**  I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on July 30, 2014, at Sherman Oaks, California.

_____
Izumi Kono

18

FIRST AMENDED COMPLAINT

EXHIBIT 1



REPLY TO:

The Gerber Building

13418 Ventura Boulevard
Sherman Oaks, California 91423

June 12, 2014

*Via U.S. Certified Mail (Return Receipt Requested)*
Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Registered Agent
AMI Celebrity Publications, LLC
CT Corporation System
1200 South Pine Island Road
Plantation, FL 33324

AMI Celebrity Publications, LLC
The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, New Castle, DE 19801

> **Re:**   *Labor Code Violations of AMI Celebrity Publications, LLC - Compliance Letter of California Labor Code § 2698 et sec. – Private Attorneys General Act*

Dear Department and Employer:

Please accept the following paperwork as an attempt to comply with California Labor Code Sections 2699.3 and 2699.5, requiring written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of the Labor Code that have been violated by his employer AMI Celebrity Publications, LLC ("AMI")

Martin Dryan retained this office to represent him and similarly situated employees to prosecute AMI Celebrity Publications, LLC and American Media, Inc.'s violations of Labor Code Sections 226.8, 226.

Set forth below, Mr. Dyran provides the following synopsis of damages he and other similarly situated employees of the AMI have suffered and the civil penalties they seek to collect as Labor Code Section 2699 claimants. At this time, Mr. Dyran is still investigating the number of employees misclassified by AMI.  Mr. Dyran believes AMI may have employed about 30 journalists during the statutory time period.  As such, the damage calculations below may change once the total number of affected employees has been determined through the litigation discovery process.

Mr. Dyran's representative claims involve misclassification of employees as independent contractors so that AMI could avoid paying taxes on their behalf. California Labor Code Section 226.8(a)(1) states that it is unlawful for any person or employer to engage in willful misclassification of an individual as an independent contractor.

Accordingly, Mr. Dryan claims California Labor Code Section 2699 penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. The amount claimed for this violation for three years is at least $480,500 [(25 pay periods x $200 + $100 x 31 people for the first year)+( $200 x 26 pay periods x 31 people x 2 years)].

Mr. Dryan and the other similarly situated journalists were not given valid pay check stubs/statements. California Labor Code Section 226(a) states every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, the name and address of the legal entity that is the employer and the inclusive dates of the period for which the employee is paid and only the last four digits of employee's social security number or an employee identification number. AMI violated California Labor Code Section 226(a) because Mr. Dyran's and other similarly situated journalists' paycheck stubs did not show the number of piece-rate units earned and any applicable piece rate, the name and address of the legal entity that is the employer and the inclusive dates of the period for which the employee was paid, and the last four digits of Mr. Dyran's social security number or an employee identification number. Mr. Dyran was not given valid statements indicating why he was being paid what he was being paid and no proper taxes were withheld from Mr. Dyran's paychecks. Mr. Dyran's paycheck stubs did not reflect any itemizations of tax withholdings or deductions at all.

Accordingly, Mr. Dryan claims California Labor Code Section 2699 penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. The amount claimed for this violation for three years is at least $480,500 [(25 pay periods x $200 + $100 x 31 people for the first year)+( $200 x 26 pay periods x 31 people x 2 years)].

Please note the foregoing amount does not include compounded interest over the statutory period, nor attorney's fees and costs incurred by this office in prosecuting their claims. Cal. Govt. Code § 2699(g)(1).

Should either of you need additional information, please feel free to contact me.

Very truly yours,

Employment Lawyers Group

Ann Guleser

LABOR COMMISSIONER, STATE OF CALIFORNIA
DEPARTMENT OF INDUSTRIAL RELATIONS – DIVISION OF LABOR STANDARDS ENFORCEMENT

| CLEAR | PRINT |
|---|---|

## Initial Report or Claim

*PLEASE PRINT OR TYPE ALL INFORMATION*
*Refer to the accompanying Guide to assist you in filling out this form.*

| FOR OFFICE USE ONLY | | |
|---|---|---|
| Taken by: | Office: | Case #: |
| Date filed: | | SIC #: |
| RCI Complaint: ☐ YES ☐ NO | Action: | |

## PRELIMINARY QUESTIONS

1. Is your claim about a public works project? [If your answer is "YES," STOP here, DO NOT FILL OUT THIS FORM, and fill out the "PW-1" claim form instead. If your answer is "NO," proceed with this form.]

2. Have you filed a retaliation complaint against your employer with the Labor Commissioner?
☐ YES, on: ___/___/___   Month / Day / Year
☒ NO [If you have been retaliated against, you may file a retaliation complaint by filling out another form, "DLSE FORM 205."]

3. Is there a union contract covering your employment?
☐ YES   [If "YES," attach a copy of the Collective Bargaining Agreement.]
☒ NO

4. Are other employees also filing wage claims against your employer?  ☐ YES  ☐ NO  ☐ I DON'T KNOW

## Part 1: LANGUAGE ASSISTANCE & REPRESENTATION

| 5a. Do you need an interpreter? ☐ YES  ☒ NO | 5b. If you checked "YES" to Box 5a, enter the language needed |
|---|---|

| 6a. If you are being assisted with your claim by a lawyer or other advocate, enter your ADVOCATE'S NAME and ORGANIZATION | 6b. ADVOCATE'S PHONE |
|---|---|
| Ann Guleser Employment Lawyers Group | ( 818 ) 7837300 |

| 6c. Your ADVOCATE'S MAILING ADDRESS (Number, Street, Floor, Suite) | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 13418 Ventura Blvd. | Sherman Oaks | CA | 91423 |

## Part 2: YOUR INFORMATION

| 7. Your FIRST NAME | 8. Your LAST NAME | 9. HOME PHONE | 10. OTHER PHONE | 11. BIRTH DATE |
|---|---|---|---|---|
| Martin | Dyran | ( 310 ) 890 0465 | ( ) | 11-26-1962 |

| 12. Your MAILING ADDRESS (Street Number, Street Name, Apartment Number) | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 5994 Londonderg Drive | Riverside | CA | 92504 |

## Part 3: CLAIM FILED AGAINST (EMPLOYER INFORMATION)

| 13. EMPLOYER / BUSINESS NAME(S) | 14. EMPLOYER'S VEHICLE LICENSE PLATE # | 15. EMPLOYER PHONE |
|---|---|---|
| AMI Celebrity Publications, LLC | | ( ) |

| 16. ADDRESS of EMPLOYER / BUSINESS (Street Number, Street Name, Floor, Suite): | CITY | STATE | ZIP CODE |
|---|---|---|---|
| CT Corporation System  1200 South Pine Island Road | Plantation | FL | 33324 |
| The Corporation Trust Company Corporation Trust Center 1209 Orange St. | Wilmington, New Castle | DE | 19801 |

| 17. ADDRESS where you worked, if different from Box 16 (Number, Street, Floor, Suite): | CITY | STATE | ZIP CODE |
|---|---|---|---|
| AMI Celebrity Publications, LLC 6420 Wilshire Blvd. Floor 15 | Los Angeles | CA | 90048 |

| 18. NAME of PERSON IN CHARGE (First Name, Last Name) | 19. JOB TITLE / POSITION of PERSON IN CHARGE |
|---|---|
| | Manager |

| 20. TYPE OF BUSINESS | 21. TYPE OF WORK PERFORMED | 22. TOTAL NUMBER OF EMPLOYEES | 23. EMPLOYER STILL IN BUSINESS? |
|---|---|---|---|
| Magazine publication | journalism | at least 30 other journalists | ☒ YES  ☐ NO  ☐ DON'T KNOW |

24. Check which box describes your employer, if you know: ☐ CORPORATION   ☐ INDIVIDUAL   ☐ PARTNERSHIP   ☒ LLC   ☐ LLP

DLSE FORM 1 / WAGE ADJUDICATION (REV. 7/2012)                    (Page 1 of 3)

PRINT YOUR NAME: __Martin Dyran__

## Part 4: FINAL WAGES / BOUNCED CHECKS

| 25. DATE OF HIRE | 26. Check which box applies to you: |
|---|---|
| ___ / ___ / 2010<br>Month  Day  Year | ☐ Still working for employer  ☐ QUIT on ___ / ___ / ___  ☐ DISCHARGED on ___ / ___ / ___<br>Month  Day  Year  Month  Day  Year<br><br>☒ Other (specify): _working as an employee since jan-2010_ |

| 27a. If you QUIT, did you give 72 hours notice before quitting?<br>☐ YES<br><br>☐ NO | 27b. If you QUIT, have you received your final payment of wages including all wages owed?<br>☐ YES, on: ___ / ___ / ___<br>Month  Day  Year<br>☐ NO |
|---|---|

28. If you were DISCHARGED, have you received your final payment of wages including all wages owed?

☐ YES, on: ___ / ___ / ___
Month  Day  Year

☐ NO

| 29a. How were your wages paid?<br>☒ BY CHECK  ☐ BY CASH  ☐ BY BOTH CASH & CHECK<br>☐ OTHER: _____ | 29b. If paid by check, did any of your paychecks "bounce" (for example, paycheck could not be cashed because employer has insufficient funds)?<br>☐ YES  ☒ NO |
|---|---|

## Part 5: HOURS YOU TYPICALLY WORKED

30. Check which box applies: ☐ My work hours and days of work were usually the same each week that I worked.

☒ My work hours and/or days of work varied per week or were irregular. If you checked this box and you are claiming unpaid wages or meal and rest period violations, you should also fill out and submit the DLSE FORM 55.

31. If your work hours and days of work were usually the same each week, give your BEST ESTIMATE below of the hours you usually worked and any time you took for a duty-free meal period during your TYPICAL workweek. DO NOT fill this out if your work hours were too irregular to estimate a typical or average workweek (instead fill out the DLSE Form 55).

| | TIME WORK STARTED | TIME WORK ENDED | 1st MEAL START TIME (if applicable) | 1st MEAL END TIME (if applicable) | 2nd MEAL START TIME (if applicable) | 2nd MEAL END TIME (if applicable) | ONLY IF YOU WORKED A SPLIT SHIFT: | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 1st shift ended at | 2nd shift started at |
| DAY 1 of your workweek: | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm |
| DAY 2 of your workweek: | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm |
| DAY 3 of your workweek: | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm |
| DAY 4 of your workweek: | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm |
| DAY 5 of your workweek: | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm |
| DAY 6 of your workweek: | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm |
| DAY 7 of your workweek: | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm | ☐ am ☐ pm |

DLSE FORM 1 / WAGE ADJUDICATION (REV. 7/2012)          (CONTINUED – Page 2 of 3)

## Part 6: PAYMENT OF WAGES

32. Were you paid or promised a FIXED amount of wages per pay period, no matter how many hours you worked (for example, $400 per week, regardless of how many hours you worked)?
☒YES - I was paid $ 250 per ☐day ☐week ☐every 2 weeks ☐month ☐semi-monthly
☒other (specify): $250 per day paid every two weeks

☐I was promised $ per ☐day ☐week ☐every 2 weeks ☐month ☐semi-monthly
☐other (specify):

☐NO:

33a. Were you an HOURLY employee?
☐YES - I was paid $ per hour.
☐I was promised $ per hour.
☒NO

33b. If you were an HOURLY employee, were you paid or promised more than one hourly rate (based on the hours you worked or different job tasks)?
☐YES (describe):

☒NO

34. Were you paid by PIECE RATE? ☐YES ☒NO     35. Were you paid by COMMISSION? ☐YES ☒NO

## Part 7: WAGES, COMPENSATION & PENALTIES OWED

| 36. CLAIMS (Check all boxes below that apply) | CLAIM PERIOD: START DATE (Month/Day/Year) | CLAIM PERIOD: END DATE (Month/Day/Year) | AMOUNT EARNED / CLAIMED |
|---|---|---|---|
| ☐ REGULAR WAGES (for non-overtime hours) | | | $ |
| ☐ OVERTIME WAGES (including double time) | | | $ |
| ☐ MEAL PERIOD WAGES | | | $ |
| ☐ REST PERIOD WAGES | | | $ |
| ☐ SPLIT-SHIFT PREMIUM | | | $ |
| ☐ REPORTING TIME PAY | | | $ |
| ☐ COMMISSIONS | | | $ |
| ☐ VACATION WAGES | | | $ |
| ☐ BUSINESS EXPENSES | | | $ |
| ☐ UNLAWFUL DEDUCTIONS | | | $ |
| ☐ OTHER (specify) | | | $ |
| ENTER SUBTOTAL (add all Amounts Earned/Claimed): | | | $ |
| ENTER TOTAL AMOUNT PAID: | | | $ |
| GRAND TOTAL OWED [Subtotal minus Total Amount Paid]: | | | $ |

Additional DLSE form should be submitted if you are making more than one claim. See Instructions for Filing a Wage Claim.

37. Check box (es) if you are claiming: ☐ Waiting time penalties (Labor Code §203)
☐ Penalties for "bounced" checks (checks issued with insufficient funds) (Labor Code §203.1)

I hereby certify that the information I have provided is true to the best of my knowledge and/or recollection. The amounts claimed are based on my best estimation. If this were amended based on further information, or based on assistance with my claim provided by DLSE.

Signed: _____   Date: 6/__/2014
Print Name: Martin Dyran
DLSE FORM 1 (ENGLISH) (NEW 10/11)

DO NOT WRITE ON THIS SIDE — *For Office Use Only*

| Claimant: | Against: | Interpreter Needed: | Action Number: |
| Address of Claimant: | Address of Defendant: | Docket Date | Date Closed |
| Phone No. of Claimant: | Phone No. of Defendant: | | |
| Name & Address of Advocate: | | DATE(S) CLAIM RECEIVED | |
| Phone No. of Advocate: | | | |
| Address change of Claimant as of: | Address change of Defendant as of: | | |
| | | DATE BOFE COMPLAINT FILED (if applicable) | DATE RCI COMPLAINT FILED (if applicable) |

**RECORD OF RECEIPTS**

| Date Received | Check, Cash, etc. | Receipt Number | Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**RECORD OF PAYMENTS TO CLAIMANT**

| Division Check Number | Date Paid | Balance Due | Signature/Remarks |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**CONFERENCE: DATES**

**PEND: DATES**

NOTES:



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .69 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.69 |

Postmark Here

Sent To: AMI Celebrity Publications, LLC
Street or PO: CT Corporation System
1200 South Pine Island Road
City: Plantation, FL 33324

7012 2920 0000 5917 6377

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .69 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.69 |

Postmark Here

Sent To: Ami Celebrity Publications, LLC
Street: The Corporation Trust Company
Corporation Trust Center
City: 1209 Orange St.
Wilmington, New Castle, DE 19801

7012 2920 0000 5917 6391

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .69 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.69 |

Postmark Here

Sent To: State of CA – Department of Industrial Relations
Division of Labor Standard Enforcement
Labor and Workforce Development Agency
801 'K' Street, Suite 2101
Sacramento, California 95814

7012 2920 0000 5917 6384

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ami Celebrity Publications, LLC
The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, New Castle, DE 19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Amy McLaren*
☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
JUN 18 2014

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7012 2920 0000 5917 6391

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

EXHIBIT 2



STATE OF CALIFORNIA
## Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. · SECRETARY David Lanier

JUL 2 5 2014

Agricultural Labor Relations Board · California Unemployment Insurance Appeals Board
California Workforce Investment Board · Department of Industrial Relations
Employment Development Department · Employment Training Panel · Public Employment Relations Board

July 21, 2014                                        **CERTIFIED MAIL**

Employment Lawyers Group
13418 Ventura Boulevard
Sherman Oaks, CA 91423

RE: Employer:     AMI Celebrity Publications, LLC The Corporation Trust
                  Company
RE: Employee(s): Martin Dryan
RE: LWDA No:     16879

This is to inform you that the Labor and Workforce Development Agency
(LWDA), in care of the Division of Labor Standards Enforcement (DLSE),
received your notice of alleged Labor Code violations pursuant to Labor Code
Section 2699, postmarked June 12, 2014, and after review, does not intend to
investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "…civil penalties recovered by aggrieved employees shall be distributed as
follows: 75 percent to the LWDA for enforcement of labor laws and education of
employers and employees about their rights and responsibilities under this
code." Labor Code Section 2699(l) specifies "The superior court shall review
and approve any penalties sought as part of a proposed settlement agreement
pursuant to this part."

Consequently, you must advise DLSE of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned case number in any
future correspondence.

Sincerely,

Mark Woo-Sam
General Counsel

Cc:   AMI Celebrity Publications, LLC The Corporation Trust Company
      1209 Orange Street
      Wilmington, New Castle, DE 19801

STATE OF CALIFORNIA
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT

**CERTIFICATION OF SERVICE BY MAIL**
**(C. C. P. 1013A)**

I, Belle Macaranas, do hereby certify that I am a resident or employed in the county of San Francisco. I am over 18 years of age, not a party to the within action, and that I am employed at the business address below:

DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

On **7/22/2014,** I served the within "Do Not Investigate" letter by placing a true copy thereof in an envelope addressed as follows:

Employment Lawyers Group
13418 Ventura Blvd.
Sherman Oaks, CA 91423
LWDA #16879

Which envelope was then sealed with postage and certified mail fees, (if applicable) fully prepaid thereon, deposited in the United States mail by

_____Ordinary first class mail

__**X**__ Certified Mail

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on 7/22/2014
at San Francisco, California.

**DLSE 544**

EXHIBIT 3

REPLY TO:

The Gerber Building

13418 Ventura Boulevard
Sherman Oaks, California 91423

**Employment**
*Lawyers* Group

July 24, 2014

*Via U.S. Certified Mail (Return Receipt Requested)*

Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

AMI Celebrity Publications, LLC
Andrew J. Jaramillo
Altus Law Firm
1 Park Plaza, Suite 600
Irvine  CA  92614
Attorney for AMI Celebrity Publications, LLC

Re:   *Labor Code Violations of AMI Celebrity Publications, LLC – AMENDED
      Compliance Letter of California Labor Code § 2698 et sec. – Private
      Attorneys General Act*

Dear Department and Employer's representative:

The purpose of this letter is to comply with the Private Attorneys General Act of
2004, pursuant to *California Labor Code* Sections 2699.3 and 2699.5 requiring written
notice by certified mail to the Labor and Workforce Development Agency and the employer
of the specific provisions of the Labor Code that have been violated by AMI Celebrity
Publications, LLC aka AMI American Media Inc. (hereinafter "AMI").

Martin Dryan retained this office to represent him and prosecute AMI's violations of
Labor Code Sections 226.8, 226.3 and 226(a). Martin Dryan previously exhausted
administrative remedies as to Labor Code Sections 226, and 226.8 and now is amending his
claim to include exhaustion of administrative remedies as to the Labor Code Sections 226.3.
(See Mr. Dryan's letter of June 12, 2014)

Set forth below, Mr. Dryan provides the following synopsis of damages he and other
similarly situated journalists have suffered and the civil penalties they seek to collect as
Labor Code Section 2699 claimants.  Plaintiff's representative claims involve

Telephone:  (818) 783-7300·  (310) 842-8600·  (323) 525-1600·  (877) 525-0700·  Facsimile  (818) 995-7159

misclassification of employees as independent contractors so that AMI could avoid paying taxes on their behalf.

At this time, Plaintiff is still investigating the number of employees misclassified by the corporate Defendant. Plaintiff believes the corporate Defendant may have employed about 30 journalists during the statutory time period. As such, the damage calculations below may change once the total number of affected employees has been determined through the litigation discovery process.

## SUMMARY OF LABOR CODE VIOLATIONS & DAMAGES

### Labor Code Section 226(a), 226.3

Mr. Dryan and the other similarly situated journalists were not given valid statements indicating why they were being paid what they were being paid and the correct itemizations and tax withholdings.

California Labor Code Section 226(a) states every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, the name and address of the legal entity that is the employer and the inclusive dates of the period for which the employee is paid. AMI violated California Labor Code Section 226(a) because Plaintiff's and similarly situated employees' paycheck stubs did not show the number of piece-rate units earned and any applicable piece rate, the name and address of the legal entity that is the employer and the inclusive dates of the period for which the employee was paid and only the last four digits of employee's social security number or an employee identification number.

California Labor Code Section 226.3 states any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

AMI violated Labor Code Section 226(a) and California Labor Code Section 226.3 because AMI violated California Labor Code Section 226(a). Plaintiff's paycheck stubs did not show the number of piece-rate units earned and any applicable piece rate, the name and address of the legal entity that is the employer and the inclusive dates of the period for which the employee was paid, and the last four digits of Plaintiff's social security number or an employee identification number. Accordingly, Mr. Dryan claims California Labor Code Section 2699 penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation of Labor Code Section 226.3. The

2

amount claimed for this violation is $480,500 [(25 pay periods x $200 + $100 x 31 people)+( $200 x 26 pay periods x 31 people x 2 years)].

Please note the foregoing amount does not include compounded interest over the statutory period, nor attorney's fees and costs incurred by this office in prosecuting their claims.  Cal. Govt. Code § 2699(g)(1).

Very truly yours,

Employment Lawyers Group

Ann Guleser

3

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .48 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.48 |

Postmark Here

7012 2920 0000 5917 6872

Sent To: State of CA – Department of Industrial Relations
Street, Division of Labor Standard Enforcement
or PO Labor and Workforce Development Agency
City, 801 'K' Street, Suite 2101
Sacramento, California 95814

PS Fo                                    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.48 |

Postmark Here

7012 2920 0000 5917 6889

Sent To: AMI / Andrew Jaramillo
Street, Apt. No.; 1 Park Plaza, Suite 600
or PO Box No.
City, State, ZIP+4 Irvine CA 92614

PS Form 3800, August 2006              See Reverse for Instructions